Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000396
10-MAY-2017
08:15 AM

NO. CAAP-16-0000396

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION, as Trustee for Structured
Asset Investment Loan Trust Mortgage Pass-Through
Certificates, Series 2006-2, Plaintiff-Appellee,
v.
DOMINADOR M. LOPEZ, Defendant-Appellant,
and
ASSOCIATION OF APARTMENT OWNERS OF PLANTATION VIEW HALE,
Defendant-Appellee
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE ENTITIES 1-50, AND DOE GOVERNMENTAL UNITS 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-3109-12)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Dominador M. Lopez (**Lopez**) appeals
from the (1) "Findings of Fact, Conclusions of Law and Order
Granting Plaintiff's Motion for Summary Judgment for Foreclosure
Against All Defendants and for Interlocutory Decree of
Foreclosure" (**Order Granting Foreclosure**), and (2) Judgment, both
entered on April 8, 2016, in the Circuit Court of the First
Circuit (**circuit court**).[1]  The Order Granting Foreclosure and the

---

[1]  The Honorable Karl K. Sakamoto presided.

Judgment were entered in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-2 (**USBNA**).

On appeal, Lopez primarily contends that (1) the circuit court lacked subject matter jurisdiction; (2) the attorney affirmation filed by USBNA's counsel was not in compliance with Hawaii Revised Statutes (**HRS**) § 667-17 (2016);[2] and (3) the circuit court erred in granting USBNA's motion for summary judgment because a genuine issue of material fact remained as to whether USBNA had standing to foreclose on the subject mortgage.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Lopez's points of error as follows, and we vacate and remand.

In Bank of America, N.A. v. Reyes-Toledo, the Hawaiʻi Supreme Court recently held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. 139 Hawaiʻi 361, 367-70, 390 P.3d 1248, 1254-57 (2017). The holding in Reyes-Toledo is dispositive in this case.

Reyes-Toledo notes that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. The supreme court then

_____

[2] The complaint in this action was filed on December 10, 2012. The "HRS § 667-17 Affirmation" by USBNA's counsel was filed on April 22, 2015.

expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 96 Hawaiʻi 381, 388, 23 P.3d 716, 723 (2001)). Because "standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Reyes-Toledo, 139 Hawaiʻi at 368, 390 P.3d at 1255. Thus, a foreclosing plaintiff must establish entitlement to enforce the note and standing to foreclose on the mortgaged property at the commencement of the suit. Id.

Like the foreclosing bank in Reyes Toledo, USBNA was granted a decree of foreclosure via a summary judgment ruling. In support of its summary judgment motion, USBNA attached, *inter alia*, two documents to demonstrate that it possessed the subject note: (1) a declaration of Morgan Battle Ames (**Ames Declaration**), executed on October 28, 2015, attesting that "[USBNA] is in possession of an original promissory note dated 01/04/2006"; and (2) the note, which shows that it was endorsed in blank on an allonge to the note. Like in Reyes-Toledo, this evidence fails to demonstrate that USBNA was entitled to enforce the note at the time the action commenced.

There also is no other evidence in the record to establish USBNA's entitlement to enforce the note when it commenced this action. The Complaint for Foreclosure simply alleges that "Plaintiff is the holder of the Note[.]" The note is not attached to the complaint and there is no verification or other evidence submitted verifying that USBNA held the blank endorsed note at the time the complaint was filed.

3

Viewing the facts and inferences in the light most favorable to Lopez, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether USBNA was entitled to enforce the subject note at the time this foreclosure action was commenced. Therefore, the circuit court erred in granting USBNA's motion for summary judgment. Reyes Toledo, 139 Hawai'i at 370-71, 390 P.3d at 1257-58.

Given the above, we need not address Lopez's remaining points on appeal.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure" and the Judgment, both entered on April 8, 2016, in the Circuit Court of the First Circuit, are vacated. This case is remanded to the Circuit Court of the First Circuit for further proceedings.

DATED: Honolulu, Hawai'i, May 10, 2017.

On the briefs:

Dominador Lopez,
Defendant-Appellant, pro se.

J. Blaine Rogers,
Lori King Stibb,
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*Lawrence M Reifurth*

Associate Judge

*Tim Wilkins*

Associate Judge